IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS KEITH WILLIAMS | : | CIVIL ACTION |
| | : | NO. 09-6078 |
| v. | : | |
| | : | |
| OFFICER EVAN WEAVER, et al. | : | |

O'NEILL, J.                                                                                          October 17, 2011

## MEMORANDUM

Plaintiff Travis Keith Williams alleges that defendant Officer Evan Weaver used excessive force against him when Williams was arrested on October 4, 2009. In opposition to plaintiff's claim, defendant has submitted an expert report from Richard Garipoli. Presently before me is plaintiff's motion in limine seeking to preclude defendant from introducing into evidence the testimony of Garipoli, defendant's response to the motion and plaintiff's reply thereto. For the reasons that follow, I will grant in part and deny in part plaintiff's motion.

Garipoli is a former police chief of Warwick Township, Lancaster County, Pennsylvania with a bachelor's degree in criminal justice. Def.'s Mot. Ex. 1 at 1, 4. He testified that his experience "since 1980" includes "teach[ing] other instructors to be use of force, mechanics of arrests, and defensive tactics instructors" and that he "ran the Reading Police Academy." Pl.'s Mot. Ex. D at 31:7-11, 31:22-23. His report lists the materials used in reaching his conclusions as including the pleadings, the relevant police report, administrative investigation report, Lehigh County Arrest and Booking Data Sheet, video and audio of plaintiff's arrest, a criminal complaint listing defendant Williams, and the Allentown Police Department policies on search and seizure, use of force and arrest procedures. Pl.'s Mot. Ex. E at 2-3. Garipoli also interviewed Officer Weaver. Id. at 3. He did not interview plaintiff. Id.

Garipoli's report concludes that "Officer Weaver was reasonable in [his] use of force against Travis Keith Williams." Pl.'s Mot. Ex. E at 7. The report also concludes that Officer Weaver, "trained to a high-degree as member[ ] of the Allentown Police Department, being a nationally certified and state certified agency, which requires the agency to train their officers to a higher degree than required, acted properly and professionally." Id. at 8. A review of Garipoli's deposition testimony reveals that his conclusions rely upon a version of the facts adopted by defendant and disputed by plaintiff. Asked whether, in preparing his report, Garipoli had "ultimately determined to rely upon the version [of facts] told by Mr. Weaver as opposed to Mr. Williams," Garipoli responded that he relied on the facts as reported by defendant and conceded that his report did not discuss the facts alleged by plaintiff. Pl.'s Mot. Ex. D at 136:24-137:9. When asked "how did you determine, for the purposes of your report, whether Mr. Williams was or was not resisting arrest?," Garipoli responded "I didn't believe him." Id. at 49:3-6. Garipoli conceded that defendant's use of force would have been unreasonable if it were to be believed that as plaintiff "was being arrested, that he pulled away, ran from the officer, and that after getting taken to the ground that he no longer was resisting . . . [t]hat he was compliant, that at no point did he strike the officer, and that after he had stopped resisting Officer Weaver slammed his head into the ground multiple times, punched him in the face multiple times, then choked him." Id. at 140:16-22.

"A claim that a law enforcement officer used excessive force in the course of an arrest, investigatory stop, or other seizure is analyzed under the Fourth Amendment 'reasonableness' standard." Rosenberg v. Homoki, No. 06-3719, 2009 WL 982146, at * 5 (E.D. Pa. Apr. 9, 2009) (citations omitted). Plaintiff argues that Garipoli's expert testimony should be excluded because

it is the function of the jury to answer whether Officer Weaver's actions were reasonable and because his opinions are not relevant.  Defendant counters that Garipoli's testimony is relevant to a determination as to whether defendant used appropriate force to effectuate plaintiff's arrest.  Defendant asserts that Garipoli can "testify regarding the accepted use of force standard" and "as to whether a properly trained officer confronted with similar circumstances as those encountered by defendant would have used a similar amount of force on the use of force continuum."  Def.'s Br. at 8.  Despite the conclusion set forth in Garipoli's report, defendant now concedes that "Garipoli cannot testify as to whether Weaver's specific use of force was reasonable."  Id.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion testimony at trial and requires that the expert's testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Expert testimony that "merely tells the jury what result to reach is improper."  Burger v. Mays, 176 F.R.D. 153, 156 (E.D. Pa. 1997) (alterations omitted), citing Fed. R. Evid. 704, advisory committee's note.  "A properly qualified expert may not offer an opinion as to an ultimate legal issue because to permit this type of evidence would subvert the jury's function to decide the disputed facts and issues after being properly instructed as to the law by the court."  Jackson v. City of Pittsburgh, No. 07-111, 2010 WL 3222137, at *9 (W.D. Pa. Aug. 13, 2010), citing Whitmill v. City of Phila., 29 F. Supp. 2d 241, 246-47 (E.D. Pa. 1998).  "Likewise, non-scientific expert witnesses are not permitted to express opinions as to the credibility of witnesses or of the facts generally."  Jackson, 2010 WL 3222137, at *9, citing Whitmill, 29 F. Supp. 2d at 246-47.

Faced with a similar motion in Tschappat v. Groff, No. 01-2279, 2004 WL 5509087, at *4 (M.D. Pa. Jun. 2, 2004), the Court held that the plaintiff's police expert "should be allowed to

testify as to what proper police procedures are in apprehending a suspect and whether [the defendant] failed to follow proper police procedures" and also "to the prevailing use of force standards."  The expert was "not permitted to testify that [the defendant] unreasonably seized the Plaintiff or that [the defendant's] conduct was unreasonable under the circumstances" because such testimony "would intrude upon the jury's function to decide one of the ultimate legal issues in [the] case" and would "impermissibly express[ ] legal conclusions."  Id.

Likewise, in Jackson, 2010 WL 3222137, at *14, the Court excluded the report of plaintiff's use of force expert where the report and testimony "consist[ed] of his resolution of many factual disputes[,] he admitted that he was acting as a 'fact finder' during his analysis" and "[m]any of his opinions and statements explain[ed] only why he feels certain evidence is more credible than the other evidence."  The Court allowed the opinions of plaintiff's expert to be "presented at trial if they [were] offered in response to properly formulated hypothetical questions . . . founded on facts already in evidence and . . . not phrased in a manner requesting that the expert testify on the ultimate legal issue of whether the force used by the officers was 'reasonable.'"  Id. at *15.  See also Burger, 176 F.R.D. at 157  (holding that use of force expert may testify as to whether an officer's actions "were in line with standard police procedures," but prohibiting testimony that the officer's actions were "unreasonable").

Accordingly, I find that defendant may introduce Garipoli's testimony at trial, but I will limit its scope.  Garipoli is not permitted to evaluate the credibility of Williams or Weaver or to make conclusions regarding the truthfulness of the testimony or statements of any witnesses.  Nor may Garipoli testify that Weaver's use of force was reasonable.  Garipoli may testify as to: (1) his law enforcement experience; (2) the police procedures at issue in this case, including the

Allentown Police Department policies on use of force, arrest procedures and search and seizure; and (3) whether Weaver's use of force was in accord with applicable police procedures given the facts of this case (presented to him by way of properly formulated hypothetical questions).

An appropriate Order follows.